UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE K. COLBERT,<br><br>        Petitioner,<br><br>  v.<br><br>L. L. SCHULTEIS,<br><br>        Respondent. | 1:10-cv—01532-SMS-HC<br><br>ORDER SEVERING AND DISMISSING WITH LEAVE TO AMEND PETITIONER'S CLAIM CONCERNING THE SECOND DISCIPLINARY PROCEEDING (DOC. 1)<br><br>ORDER DIRECTING THE CLERK TO OPEN A NEW ACTION AND TO FILE THEREIN A COPY OF THE PETITION AND OF THIS ORDER<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE A FIRST AMENDED PETITION IN THE NEW ACTION NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER |

     Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on September 8, 2010 (doc. 5).  Pending before the Court is the petition, which was filed on August 25, 2010.

1

I. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u> also <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Here, Petitioner, who at the time the petition was filed was an inmate of the California Correctional Institution (CCI) at

Tehachapi, California, complains of what appear to be two separate disciplinary proceedings that occurred at CCI. The first proceeding involved disrespect towards staff that allegedly was committed by Petitioner on September 5, 2008 (IAB case no. 0813485, local log no. CCI-08-02744). (Pet. 9.) The second proceeding involved threatening a public official on December 1, 2008 (IAB case no. 0818809, local log no. CCI-09-00132).

> II. <u>Due Process Requirements for Prison Disciplinary Proceedings</u>

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000).

Title 28 U.S.C. § 2254 provides in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption or correctness by clear and convincing evidence.

3

The Petitioner bears the burden of establishing that the decision of the state court was contrary to, or involved unreasonable application of, the precedents of the United States Supreme Court. Lambert v. Blodgett, 393 F.3d 943, 970 n.16 (9th Cir. 2004); Baylor v.Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996).

With respect to prison disciplinary proceedings, procedural due process of law requires that where the state has made good time subject to forfeiture only for serious misbehavior, then prisoners subject to a loss of good-time credits must be given advance written notice of the claimed violation, a right to call witnesses and present documentary evidence where it would not be unduly hazardous to institutional safety or correctional goals, and a written statement of the finder of fact as to the evidence relied upon and the reasons for disciplinary action taken. Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974). Confrontation, cross-examination, and counsel are not required. Wolff, 418 U.S. at 568-70.

Further, where good-time credits are a protected liberty interest, the decision to revoke credits must be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985). The Court in Hill stated:

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S., at 106, 47 S.Ct., at 304. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by

4

   the disciplinary board. See ibid.; United States ex
   rel. Tisi v. Tod, 264 U.S. 131, 133-134, 44 S.Ct. 260,
   260-261, 68 L.Ed. 590 (1924); Willis v. Ciccone, 506
   F.2d 1011, 1018 (CA8 1974).

Superintendent v. Hill, 472 U.S. at 455-56.  The Constitution does not require that the evidence logically preclude any conclusion other than the conclusion reached by the disciplinary board; rather, there need only be some evidence in order to ensure that there was some basis in fact for the decision. Superintendent v. Hill, 472 U.S. at 457.

  With respect to the requirement that some evidence support the finding that Petitioner possessed the weapon, this Court does not make its own assessment of the credibility of witnesses or re-weigh the evidence; however, the Court must ascertain that the evidence has some indicia of reliability and, even if meager, "not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." Cato v. Rushen, 824 F.2d 703, 704-05 (9th Cir. 1987) (quoting Superintendent v. Hill, 472 U.S. 445, 457 (1985)).

  In Cato v. Rushen, 824 F.2d at 705, the Court found that the Hill standard was not satisfied where the only evidence implicating the inmate was another inmate's statement that was related to prison officials through a confidential informant who had no first-hand knowledge of any relevant statements or actions by the inmate being disciplined, and whose polygraph results were inconclusive.  In contrast, evidence evaluated and found to constitute "some evidence" supportive of various findings has included the report of a prison guard who saw several inmates fleeing an area after an assault on another inmate when no other

5

inmates were in the area, <u>Superintendent v. Hill</u>, 472 U.S. 456-57; the statement of a guard that the inmate had admitted a theft to supplement his income, coupled with corroborating evidence, <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1270 (9th Cir. 1989); an inmate's admission and corroborating, circumstantial evidence, <u>Crane v. Evans</u>, 2009 WL 148273, *3 (N.D.Cal. Feb. 2, 2009); and an inmate's admission of having engaged in the violation plus an officer's report of having heard a recording of the offending conversation, <u>Dawson v. Norwood</u>, 2010 WL 761226, *1 (C.D.Cal. March 1, 2010).

    III.  <u>Dismissal of the Claim concerning IAB Case No. 0818809 (Second Disciplinary Proceeding)</u>

        A.  <u>Basis for Dismissal</u>

Petitioner alleges the following with respect to IAB case number 0818809, local log number CCI-09-00132:

> PETITIONER HAVE BEEN DENIED DUE PROCESS AND EQUAL PROTECTION IN VIOLATION OF THE FOURTEENTH AMENDMENT BY AN ARBITRARY REVIEW BOARD. ON 12-1-08, I WAS GIVEN A RULE VIOLATION, AND FOUND GUILTY WITHOUT PROCEDURAL DUE PROCESS. I WAS NOT ALLOWED TO PRESENT DOCUMENTARY EVIDENCE, NOR HAVE LEGAL ASSISTANCE; THIS SITUATION STEM FROM COVER UP, TO DENIED (SIC) PETITIONER'S RIGHTS.

(Pet. 4.) He previously alleged that with respect to the two disciplinary proceedings, he forfeited sixty (60) days of credit and lost thirty (30) days. (Pet. 1.) It appears that the thirty-day forfeiture of credit pertained to the other offense concerning disrespect for staff in September 2008, so it is assumed that Petitioner lost sixty days for this incident, which occurred on December 1, 2008. (Pet. 9, 7.)

The documentation attached by Petitioner to the petition includes a director's level appeal decision on the rules

violation.  (Pet. 7.)  The violation concerned threatening a public official, which Petitioner denied.  Petitioner argued on appeal that when a correctional counselor approached his cell door and discussed confidential information on the tier where other inmates in the section could hear, Petitioner informed the officer that he was going to appeal the actions; in retaliation, the rules violation report issued.  (Id.)  However, in denying the appeal at the director's level, the chief of inmate appeals stated that the "Reporting Employee documentation reflects a true account of what happened."  (Id.)  It thus appears that the decision rested upon some evidence from an employee who appears to have had personal knowledge of the relevant events.

 The appeal decision further recited that all procedural due process requirements were met, including receipt by Petitioner of the rules violation report within fifteen days of discovery of the incident, receipt of all non-confidential documentation relied on in the hearing at least twenty-four hours prior to the hearing, a hearing within thirty days of the date of receipt of the violation, and a finding that was based on a preponderance of the evidence.  (Pet. 7.)

 Petitioner's allegations that he was denied due process and equal protection are merely generalized assertions that are devoid of specific facts.

 Petitioner's allegation that he was not allowed to present documentary evidence does not state a claim that warrants habeas relief because a prisoner has a right to present documentary evidence only where it would not be unduly hazardous to institutional safety or correctional goals.  Wolff v. McDonnell,

7

418 U.S. 539, 563-64 (1974).  The decision is left to the sound discretion of the prison officials.  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 566; <u>Ponte v. Real</u>, 471 U.S. 491, 495 (1984).

Here, the documentation of the director's appeal reflects that Petitioner did request witnesses that the senior hearing officer addressed in the hearing; however, it did not contain any reference to documentary evidence.  (Pet. 7.)  Petitioner does not describe the factual context in which any request to present documentary evidence was made; thus, a reader must speculate as to any effect of documentary evidence on institutional safety or correctional goals.  Further, Petitioner does not identify or describe the documentary evidence in question.  Thus, Petitioner has not alleged facts that point to a real possibility that any prejudice was suffered by Petitioner as a result of any prohibition of presentation of documentary evidence.  <u>See</u>, <u>Schenck v. Edwards</u>, 921 F.Supp. 679, 687-88 (E.D.Wash. 1996).

Petitioner's allegation that he was not allowed to have legal assistance does not state specific facts that point to a real possibility of constitutional error.  Petitioner was not entitled to the assistance of counsel.  <u>Wolff</u>, 418 U.S. at 568-70.  Further, the it appears from a reference in the director's appeal that Petitioner met the pertinent criteria for an investigative employee but was simply not assigned a staff assistant.  Petitioner's allegation concerning "legal assistance" is vague and conclusory and is thus subject to summary dismissal.

In summary, the Court concludes that with respect to the second disciplinary proceeding, Petitioner has failed to allege specific facts that point to a real possibility that his rights

to due process of law or equal protection were violated.

Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies.

However, because of the improper joinder of claims in this petition that is discussed hereinbelow, Petitioner's claims concerning the second disciplinary hearing will be severed and will proceed in a new, separate action to be opened by the Clerk. Petitioner may file a first amended petition concerning the second disciplinary proceeding in the new action.

### B. Improper Joinder of Claims

Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) provides:

> A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.

Petitioner thus cannot properly challenge the judgments of two different tribunals in a single proceeding. Bianchi v. Blodgett, 925 F.2d 305, 308-11 (9th Cir. 1991).

Further, a court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. Landis v. North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

Here, Petitioner has not specifically described the proceeding or proceedings in which he presented his claims to the state courts; thus, the precise number of state court decisions to be reviewed is unclear. It is possible that Petitioner is seeking this Court to review more than one state court decision. Further, he is challenging two different decisions in one

9

petition.

In order to avoid placing an undue burden on the parties and the Court, and to increase judicial efficiency, the Court exercises its discretion to require Petitioner to proceed with his claims concerning the two separate disciplinary proceedings in two separate actions.

The presence in this single action of claims concerning two distinct disciplinary proceedings is inconsistent with the rules governing habeas corpus proceedings. Although Petitioner will be given an opportunity to file a first amended petition with respect to his claims concerning the second disciplinary proceeding, the Court will sever these claims and make them the subject of a new, separate action. Petitioner will be required to file in the new action a first amended petition that bears the case number of the new action.

Petitioner's claims concerning the first disciplinary proceeding will remain pending in the present action. By a separate order in this proceeding, the Court will order the Respondent to file a response to the petition in this action with respect to the claims concerning the first disciplinary proceeding.

IV. Disposition

Accordingly, it is ORDERED that:

1) Petitioner's claims concerning the second disciplinary proceeding are SEVERED from the remaining claims in this action and SHALL PROCEED as a separate action, while the instant action concerning Petitioner's remaining claims concerning the first disciplinary proceeding (IAB case no. 0813485, local log no. CCI-

08-02744) shall also remain pending and open; and

2) Petitioner's claims concerning the second disciplinary proceeding (IAB case no. 0818809, local log no. CCI-09-00132) are DISMISSED with leave to amend; and

3) The Clerk is DIRECTED as follows:

    a) To open a new case in which Petitioner shall proceed with his claims concerning the second disciplinary proceeding; and

    b) To file in the new case a copy of the initial petition in this action (doc. 1) and a copy of this order granting Petitioner leave to file a first amended petition; and

    c) To assign the new case to the undersigned Magistrate Judge, the Honorable Sandra M. Snyder; and

4) Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in the new action in compliance with this order; and

5) The Clerk of the Court is DIRECTED to send Petitioner with this order a form petition pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that a failure to comply with this order will be considered to be a failure to comply with an order of the Court and will result in dismissal of the action.

IT IS SO ORDERED.

**Dated:   January 26, 2011**            /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE