Case 1:11-cv-00149-SMS   Document 6   Filed 03/04/11   Page 1 of 4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE K. COLBERT, | 1:11-CV-00149 SMS HC |
| Petitioner, | ORDER DISMISSING PETITION |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| L. L. SCHULTEIS, | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

On August 25, 2010, Petitioner filed a petition for writ of habeas corpus in this Court. The case was assigned case number 1:10-cv-01532-SMS-HC. Upon screening the petition, the Court found that Petitioner complained of two separate disciplinary hearings that occurred at California Correctional Institution, Tehachapi ("CCI"). The first involved disrespect towards staff committed by Petitioner on September 5, 2008 (IAB case no. 0813485, local log no. CCI-08-02744). The second concerned threatening a public official on December 1, 2008 (IAB case no. 0818809, local log no. CCI-09-00132). On January 27, 2011, the undersigned severed the claims concerning the

U.S. District Court
E. D. California       cd                           1

second disciplinary proceeding, dismissed the claims for failure to state a claim, ordered the Clerk to open a new case, and granted Petitioner leave to file an amended petition in the new case. Petitioner timely filed an amended petition concerning the second disciplinary proceeding on February 22, 2011.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

    Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Discernable Claim

    In dismissing the claims concerning the second disciplinary proceeding, the undersigned determined that Petitioner's allegations that he was denied due process and equal protection were merely generalized assertions devoid of specific facts. Petitioner was granted leave to file an amended petition in order to present cognizable claims for relief. He has failed to do so for the same reasons expressed in the Court's previous order.

    Petitioner claims he was denied due process by being denied witnesses, legal assistance, and the presentation of evidence. Petitioner's allegation that he was denied witnesses is belied by the fact that an investigative employee was assigned to the case, and this individual interviewed the inmates from Petitioner's prison that were in the area of the incident. The senior hearing officer considered this information in his decision.

    With respect to his claim that he was denied legal assistance, he was not entitled to the assistance of counsel. Wolff v. McDonnell, 418 U.S. 539, 568-70 (1974). He was assigned an investigative employee but was not assigned a staff assistant. He fails to state specific facts that

point to a real possibility of constitutional error. His allegation of a denial of legal assistance is vague and conclusory and must be dismissed.

As to his claim that he was not allowed to present documentary evidence, as stated in the order dismissing claims, a prisoner has a right to present documentary evidence only where it would not be unduly hazardous to institutional safety or correctional goals. Wolff, 418 U.S. at 563-64. The decision is left to the sound discretion of the prison officials. Id. at 566. In this case, the record of the hearing contains no reference to documentary evidence, and Petitioner does not describe how and when he made a request to introduce any documentary evidence. In fact, Petitioner does not identify or describe the documentary evidence in question. Therefore, Petitioner fails to allege any facts that point to a real possibility that any prejudice was suffered as a result of the alleged prohibition of presentation of documentary evidence.

C.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

1    If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

**Dated:   March 3, 2011**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE